# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: HONORABLE JUDGE JUDITH M. BARZILAY

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> GOLDEN GATE PETROLEUM CO., ) <br> ) <br> Defendant. ) <br> ) <br> ) | Court No. 03-00005 |

## DEFENDANT GOLDEN GATE PETROLEUM CO.'S SUBMISSION ON PREJUDGMENT INTEREST NEGOTIATIONS

Pursuant to the Court's directive of June 9, 2006 that the parties file status reports on the negotiations regarding prejudgment interest in the above-captioned matter, Golden Gate Petroleum Co ("Golden Gate") submits the following

In its Opinion of February 21, 2006, the Court stated that "Regarding the Government's prayer for prejudgment interest . presently the court is not inclined to order Golden Gate Petroleum to pay such interest (citation omitted) " Slip op. at 13-14 Instead, the Court ordered the parties to "consult, negotiate, and agree upon the amount of prejudgment interest." Slip op. at 14.

Thereafter, Golden Gate promptly initiated contacts with the Government to begin negotiation and to request a meeting of principals to resolve all aspects of this 20-year old case Entering into this negotiation, it was Golden Gate's position that prejudgment interest should not be awarded in this case

1

The Court correctly recognized that the award of such interest is within its sound discretion and that the exercise of the Court's discretion should be governed by considerations of equity and fairness. *Id.* In this regard, the enactment of 19 U.S.C. § 1505(c) does not remove the Court's discretion. See, *Princess Cruises, Inc v United States*, 397 F.3d 1358 at 1367, 1370 (Fed. Cir 2005) (19 U.S.C. § 1505(c) does not provide a statutory basis for prejudgment interest.)

Moreover, the unfortunate chain of avoidable errors and missteps relating to the subject importation that could (and should) have been rectified at the time has only been compounded by the Government's seeming disregard for a timely conclusion to this matter at all. The Government's incredibly snail-like pace in finally filing this action, as the Court noted at oral argument, has made "a big difference in the amount of interest . . [that] is really almost confiscatory and that, of course, is a feature of the length of time that it takes to get this case to court." Oral Argument on Motion for Summary Judgment Transcript at 4, lines 19 – 23 (Jan. 31, 2006).

Finally, Golden Gate's financial condition is such that it does not have the ability to pay the duties owed without the use of realistic payment terms, much less the ability to pay anything close to the $5.5 million that the Government claims is due, an amount resulting solely from the inordinate length of time the Government took to bring this action.

Golden Gate presented its position to the Government on the award of prejudgment interest in writing in mid-March. It also reiterated its request for a meeting. The following week, Golden Gate submitted detailed information on the company's financial situation for the Government's review. U.S. Customs and Border Protection ("Customs") officials, although not

decision-makers, and the president of Golden Gate met at Customs' offices in Indianapolis, Indiana on April 11, 2006.

Notwithstanding its position regarding the award of prejudgment interest, Golden Gate subsequently offered on April 17, 2006, to pay some prejudgment interest, as a result of the meeting and the company's desire to reach agreement with the Government.[1] This offer, based on the equities and the practical constraints of the company's financial condition, was presented with a reasonable payment schedule of a period of years. The Government did not respond. After repeated attempts by Golden Gate to obtain a response, the Government waited weeks to inform Golden Gate that its offer was not acceptable and, without making a counter-offer, the Government simply requested another offer by Golden Gate. The Government's refusal to make a counter-offer was, of course, tantamount to requiring Golden Gate to negotiate against itself. Then, on literally the day before the latest date (June 8, 2006) ordered by the Court for reaching resolution, Golden Gate was informed for the first time of a counter-offer by the Government, a general representation that the Government was looking for the payment of additional prejudgment interest equaling *twelve* times the amount of prejudgment interest offered by Golden Gate eight weeks earlier.

Despite Golden Gate's repeated good faith efforts to negotiate a final settlement of this matter, including the payment of an amount of prejudgment interest, the Government, we submit, has not reciprocated.[2] Thus, no agreement has been reached. Accordingly, Golden Gate

---

[1] It should be recognized that interest of $200,000 has already been collected, by virtue of the Government's calling in, approximately 15 years ago, Golden Gate's importation bond associated with the subject import. Golden Gate's offer of prejudgment interest was in addition to this amount.

[2] Unfortunately, the characteristics of Customs' approach to this current negotiation pursuant to the Court's Opinion of February 21, 2006 are all too symptomatic of what Golden Gate has faced
(.. continued)

3

respectfully requests that the Court enter final judgment without ordering Golden Gate to pay prejudgment interest

Dated: June 19, 2006

Respectfully submitted,

_____
Michael D Sherman
Alyson B. Danowski
Kelley Drye Collier Shannon
3050 K Street, NW, Suite 400
Washington, DC 20007
(202) 342-8400

Counsel for Defendant

---

(...continued)
throughout the years in trying to reach a full and complete resolution with Customs of the subject importation that occurred in October 1985

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by facsimile and by first class mail, postage pre-paid, on this, the 19th day of June 2006, to the following

Marcella Powell
Trial Attorney
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza
New York, New York 10278-0140
(212)-264-9241

By _____