

**U.S. Department of Justice**

Civil Division

---

mp: xx
DJ# 54-03-00005

*International Trade Field Office*
*Commercial Litigation Branch*
*26 Federal Plaza, Room 346*
*New York, NY 10278-0140*

*Phone 212 / 264-9230*
*FAX   212 / 264-1916*

August 17, 2006

Honorable Judith M. Barzilay
U.S. Court of International Trade
One Federal Plaza
New York, NY 10278-0001

    Re:    United States v. Golden Gate Petroleum Co.
           Court No. 03-00005

Dear Judge Barzilay:

On behalf of plaintiff, the United States (the "Government"), we respectfully submit this letter brief in support of its prayer for prejudgment interest assessed on $1,359,172.50, which the Court held was the amount of outstanding duties owed by defendant, Golden Gate Petroleum Company ("Golden Gate").

The Government requested prejudgment interest in both its Complaint and motion for summary judgment. Although the Court granted the Government's motion for summary judgment, it held that it was not inclined to grant the Government's request for prejudgment interest. See United States v. Golden Gate Petroleum Co., Slip Op. at 14 (Feb. 21, 2006). The Court's decision not to award prejudgment interest was contrary to the express provisions of 19 U.S.C. § 1505(c).

At the time the merchandise at issue was imported, section 1505(c) read as follows:

> (c) Duties determined to be due upon liquidation or reliquidation shall be due 15 days after the date of that liquidation or reliquidation, and unless payment of the duties is received by the appropriate customs officer within 30 days after that date, shall be

> considered delinquent and bear interest from the 15th day after the date of liquidation or reliquidation at a rate determined by the Secretary of the Treasury.

See Tariff Act of 1930, sec. 210(c), Pub. L. No. 98-573, 98 Stat. 2973, 2977 (1984).

The plain language of section 1505(c) mandated that if duties were not paid within 30 days, they were considered delinquent, and interest would accrue from the 15th day after the date of liquidation or reliquidation. See Rheem Metalurgica v. United States, 21 CIT 963, 965, 978 F. Supp. 333, 335 (CIT 1997) ("The plain language of 19 U.S.C. § 1505(c) entitles the government to interest if the goods at issue are liquidated or reliquidated and the assessed duties are not paid within thirty days of liquidation or reliquidation"). See also Syva Co. v. United States, 12 CIT 199, 204, 681 F. Supp. 885, 889 (1988) ("By enacting subsection (c) to § 1505, Congress sought to statutorily delimit the time for payment of duties, and imposed upon the importers the consequence of interest for failing to remit payment in accordance with this deadline."); Penrod Drilling Co. v. United States, 13 CIT 1005, 1007, 727 F. Supp 1463, 1465 (1989) (entries liquidated after the statute's effective date are subject to interest payments). Section 1505(c) is unambiguous and unequivocal -- it does not provide the Court with discretion to award prejudgment interest.

Furthermore, the legislative history for section 1505(c) indicates that the purpose of that statute is to allow U.S. Customs and Border Protection ("Customs") to immediately collect unpaid duties and assess interest on such duties. In commenting on the purpose of section 1505(c), Congress explained:

> The effect of the proposed legislation would be to allow Customs to take immediate steps to collect monies determined to be due and payable to the United States. If the duties were not paid within the time allotted by this bill, the importers would be assessed interest in accordance with section 306 of Public Law 96-304 and regulations to be promulgated by the Customs Service. Without

> legislation to overturn the *Heraeus* decision and with the current high interest rates prevailing throughout the country, it is anticipated that any normal business entity, legally able to delay payment of a large sum money without interest, would take advantage of that opportunity.

H.R. Rep. No. 98-1015 at 68, reprinted in 1984 U.S. Code Cong. & Admin. News at 5027.

To support its decision to deny the Government's request for prejudgment interest, the Court relied on United States v. Goodman, 6 CIT 132, 572, F. Supp. 1284 (1983) ("Goodman"). However, Goodman was decided prior to the enactment of section 1505(c). Thus, at the time Goodman was decided, there was no statutory authorization for an award of prejudgment interest on delinquent duties and, consequently, such an award was left to the discretion of the Court. Upon the enactment of section 1505(c), the decision to award prejudgment interest on delinquent duties was removed from the purview of the Court's discretion. Inasmuch as section 1505(c) requires that interest be assessed on delinquent duties, the Government is entitled to prejudgment interest on $1,359,172.50, which is the amount of outstanding duties owed by Golden Gate.

In the event that Golden Gate relies on Princess Cruises, Inc. v. United States, 397 F.3d 1358 (Fed. Cir. 2005) ("Princess Cruises"), as authority for its position that the Government is not entitled to prejudgment interest, that case is not applicable. In Princess Cruises, the question before the United States Court of Appeals for the Federal Circuit ("Federal Circuit") was whether the trial court had abused its discretion when it awarded prejudgment interest on the arriving passenger fees that were owed by Princess Cruises. Id. at 1369-70. The Federal Circuit held that section 1505(c) had "no application" because the case did not involve the assessment of duties. Id. at 1370. Indeed, under section 1505(c), the operative events are either a liquidation or reliquidation resulting in the assessment of duties. None of those events occur in connection with the assessment of arriving passenger fees. Likewise, the North American Foreign Trading

Corporation v. U.S., 25 C.I.T. 809 (2001) ("North American") and U.S. v. Imperial Food Imports, 834 F.2d 1013 (Fed. Cir. 1987) ("Imperial Foods") decisions do not support Golden Gate's position. While the North American case involved duties, the entries at issue were entered and liquidated *prior* to the enactment of 19 U.S.C. § 1505(c). North American, 25 C.I.T. at 813. The Imperial Foods case involved liquidated damages for failure to redeliver merchandise. Imperial Food, 834 F.2d at 1015. Because duties were not at issue, 19 U.S.C. § 1505(c) was not applicable

    For the reasons stated above, the Government respectfully requests that the Court grant its request for prejudgment interest pursuant to 19 U.S.C. § 1505(c).

                                      Respectfully submitted,

                                      PETER D. KEISLER
                                      Assistant Attorney General

                                      /s/
By:    BARBARA S. WILLIAMS
        Attorney in Charge
        International Trade Field Office

                                      /s/
                                    MARCELLA POWELL
                                    Civil Division, Dept. of Justice
                                    Commercial Litigation Branch
                                    26 Federal Plaza, Room 346
                                    New York, New York l0278
                                    Attorneys for Defendant
                                    Tel. No. 2l2-264-9230 or 1873

## CERTIFICATE OF SERVICE BY MAIL

I, MARCELLA POWELL, certify that I am a trial attorney in the office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, with offices located at 26 Federal Plaza, Room 346, New York, NY 10278, and that on August 17, 2006 on behalf of the United States, plaintiff herein, I caused the annexed letter brief to be served upon

>   Michael D. Sherman
>   Collier Shannon Scott, PLLC
>   3050 K Street, N.W., Suite 400
>   Washington, DC 20007

the attorney(s) for the defendant(s) herein, by depositing a true copy thereof in an United States mail receptacle, properly enclosed in a securely closed envelope, duly franked or postage prepaid, addressed to said attorney(s) as above indicated.

   /s/ Marcella Powell