## UNITED STATES COURT OF INTERNATIONAL TRADE

**Before:  The Honorable Judge Judith M. Barzilay**

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Court No. 03-00005 |
| GOLDEN GATE PETROLEUM CO., | ) |
| Defendant. | ) |

## DEFENDANT'S ADDITIONAL BRIEFING ON ISSUE OF PREJUDGMENT INTEREST

Pursuant to the Court's directive of October 5, 2006, Golden Gate Petroleum Co. ("Golden Gate" or "the company") hereby submits additional briefing in further support of the position that this Court, in the proper exercise of its equitable powers, should not award the Government prejudgment interest in this matter   Government inefficiency has been the sole cause of the inordinate delay in initiating this collection action more than 17 years after the subject importation   Hence, the imposition of prejudgment interest would be so unfair that it would unreasonably penalize Golden Gate and, therefore, is not justified under the circumstances

The delay of almost two decades in bringing this action, as the Court noted at oral argument, has made "a big difference in the amount of interest . . . [that] is really almost confiscatory  . " Oral Argument on Motion for Summary Judgment Transcript at 4, lines 19-23 (Jan  31, 2006) ("Tr ")   With the passage of this much time, the Government now claims more than *five times* the amount of duties is owed as a result of prejudgment interest alone that totals more than $5 8 million

This inordinate delay is the result of inefficiencies at every governmental administrative level prior to the filing of this lawsuit that involves a straightforward set of issues related to one entry at one port·

- the port and Customs Headquarters took four years to decide Golden Gate's protest,

- Customs took nine more years to refer the matter to the Department of Justice;

- the Department of Justice took an additional four years to initiate this lawsuit

Each one of these delays by itself reflect inefficiency, combined, they represent Government inefficiencies of such magnitude to defy any legitimate justification to warrant the award of prejudgment interest

The Government has known from the very beginning precisely what the issues relating to this matter are and Golden Gate's position on those issues. It cannot hide behind what the Government's counsel has claimed was a "period of time when the parties were discussing whether there was going to be a compromise" Tr. at 4, lines 12-13 The time that has elapsed reflects nothing more than a lack of responsibility by the Government with respect to this matter, and it cannot justify the imposition of the huge amount of prejudgment interest resulting from the passage of time that has occurred

After its protest had been denied in 1990 and *before* the deadline for bringing a challenge at the Court of International Trade had expired, Golden Gate approached Customs to review the denial of the protest because the company was precluded from vindicating its rights in court The company made its views clearly known its financial condition prevented it from being able to pay the *ten-fold* increase in duties, as liquidated by Customs, plus interest and the issues themselves uniquely warranted reconsideration and equitable disposition because of the correctness of the tariff classification on the subject importation as entered under settled Customs

practice and law (as shown by contemporaneous factual evidence at the time of importation) and a simple arithmetic error that mistakenly resulted from Customs' assessment of the much higher liquidated duty rate on literally phantom cargo [1]

Significantly, Customs expressly informed the company that no administrative procedure within Customs existed for it to review a protest denial and that it had no authority to do so Nonetheless, Customs waited nine years before referring the case to the Department of Justice. Indeed, it took Customs three years from the time it informed Golden Gate, in writing, that the matter would be referred to the Department of Justice for litigation until Customs, in fact, made the referral Then, after receiving the referral, the Department of Justice did not file suit for another four years

If the time were tallied of the actual engagement between Golden Gate and the Government and of any responsible consideration of Golden Gate's position for settlement purposes, it would represent a handful of weeks at most, certainly not years, and clearly not decades In total, there were eight meetings with the Government during the entire period. Regarding communications that did occur, the company was directed to no fewer than eleven different officials None of them represented himself or herself as a decision maker, or, for that matter, ever made clear the structure, if any, of the decision making process Lengthy delays by the Government characterized its actions (or more accurately, inactions) even in its direct dealings with Golden Gate [2] Throughout the entire period at issue, the Government never made

---

[1] Golden Gate also explained that, with a subsequent addition of a motor fuel blending stock tariff classification, Congress made clear that the precise type of product imported is appropriately subject to the duty rate that Golden Gate had applied

[2] For example, the Government let more than a year elapse on two different occasions in rejecting Golden Gate offers.

an actual counter-offer to Golden Gate   Any effort to reach a resolution was purely a one-sided affair   This was not a meaningful settlement process in any sense of the term.[3]

The only affirmative action taken by Customs was to collect on the outstanding importation bond   This action was taken in 1991 when Golden Gate's surety had been informed that *Customs would collect on the bond only if negotiations had broken down or failed*, as determined by Customs   Yet, suit was not filed.

Clearly considerations of justice require the Government to act responsibly in a reasonable and timely fashion [4]   The Government cannot be relieved of these obligations simply because a potential defendant expresses an interest in settlement   The Government always had it within its hands to begin the stopping of the clock by filing suit, the Government should not be free of the consequences of failing to do so for close to 20 years.

In finding Golden Gate liable for the duties of $1,359,172 50, this Court stated that, "The result is unfortunate [because of a variety of factors relating to the importation itself], but the law is unbending in this case as Defendant failed to challenge the liquidation based on a procedural or factual error in its protest or otherwise "   Slip Op  06-22 at 13   In its recent letter to the parties, the Court correctly concluded that "under some circumstances, it may exercise equitable discretion" in determining whether prejudgment interest should be awarded   Letter of Judge

---

[3] As explained in Golden Gate's Status Report of June 19, 2006, the conduct of the Government in the "negotiations" between the parties directed by this Court in its February 21, 2006 Order, unfortunately, has been wholly reflective of the Government's conduct towards Golden Gate regarding this entire matter    Defendant Golden Gate Petroleum Co 's Submission on Prejudgment Interest Negotiations at 3-4 n 2

[4] *See e g , Ford Motor Co v United States*, 286 F.3d 1335, 1342-43 (Fed  Cir. 2002) (delay of 44 months in liquidation even with extensions was unreasonable in circumstances); *United States v David M Rubinstein*. 23 CIT 534, 541, 62 F  Supp  2d 1139, 1146 (1999) (motion to dismiss granted because Government failed to prosecute duty collection case for nearly nine years after filing, constituting presumptive and actual prejudice)

Judith Barzilay to the parties at 1 (Oct. 5, 2006). Equitable discretion is not unbending, and the circumstances of this case fully warrant the exercise of this Court's equitable discretion in the award of prejudgment interest

For the above-stated reasons, the Government should not be awarded prejudgment interest Accordingly, Golden Gate respectfully requests that this Court exercise its equitable discretion and not award prejudgment interest to the Government in this matter.

Dated· October 31, 2006

Respectfully submitted,

Michael D. Sherman
KELLEY DRYE COLLIER SHANNON
3050 K Street, N.W.
Suite 400
Washington, DC 20007
(202) 342-8400

Counsel for Defendant Golden Gate Petroleum Co

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing NOTICE OF MANUAL FILING and DEFENDANT'S ADDITIONAL BRIEFING ON ISSUE OF PREJUDGMENT INTEREST was served by first class mail, postage prepaid, on this the 31st day of October 2006, to the following

Marcella Powell
Trial Attorney
U.S DEPARTMENT OF JUSTICE
International Trade Field Office
26 Federal Plaza
New York, New York 10278-0140
(212) 264-9241

Attorney for the United States of America


Nancy M Wright