# KELLEY DRYE
# COLLIER SHANNON

November 1, 2006

**BY CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

ORIGINAL

The Honorable Tina Potuto Kimble
Clerk of the Court
U S Court of International Trade
One Federal Plaza
New York, NY 10278-0001

    Re: <u>United States of America, v. Golden Gate Petroleum Co., Court No. 03-00005</u>

Dear Ms Kimble.

    We appreciate the opportunity accorded, as Steven Swindell has informed us, to enclose correspondence referred to in our October 31, 2006 submission These attachments had been omitted in deference to the five page limit on submissions set forth in the Court's October 5, 2006 letter to both parties. Our files contain the entire history of this matter. If the Court requires any additional documentation, we will gladly supplement our response.

    If you have any questions, please let me know

                                                        Respectfully submitted,

                                                        Michael D Sherman
                                                        Counsel, Golden Gate Petroleum Co

KELLEY DRYE & WARREN LLP    Washington Harbour, Suite 400    3050 K Street, NW    Washington, DC 20007-5108    PHONE (202) 342-8400    FAX (202) 342-8451

New York    Washington, DC    Tysons Corner    Chicago    Stamford    Parsippany    Brussels    AFFILIATE OFFICE Mumbai    www.kelleydrye.com

UNITED STATES COURT OF INTERNATIONAL TRADE

Before: The Honorable Judge Judith M. Barzilay

)
)
UNITED STATES OF AMERICA, )
)
      Plaintiff, )
)
v. )    Court No. 03-00005
)
GOLDEN GATE PETROLEUM CO., )
)
      Defendant. )
)

ORIGINAL

NOTICE OF MANUAL FILING

Please take notice that Defendant, Golden Gate Petroleum Co., has manually filed the following document **ATTACHMENTS TO DEFENDANT'S ADDITIONAL BRIEFING ON ISSUE OF PREJUDGMENT INTEREST**, because (check all that apply)

[ ]    the electronic file size of the documents exceeds 2 0 megabytes,

[ ]    the document cannot be converted to an electronic format,

[ ]    the document contains confidential, business proprietary or classified information,

[ ]    the document is filed under seal pursuant to Court Order, or

[X]    other Counsel has applied for ECF registration, but the application has not yet been approved

because ECF training has not yet been completed

The party is relieved from filing this document as authorized by the Administrative Order No 02-01 of this Court

Date November 1, 2006

                                  */s/ Michael D. Sherman*
MICHAEL D SHERMAN
ALYSON B DANOWSKI
KELLEY DRYE COLLIER SHANNON
3050 K Street, N W, Suite 400
Washington, DC 20007
Telephone (202) 342-8400
Facsimile (202) 342-8451

UNITED STATES COURT OF INTERNATIONAL TRADE

Before: The Honorable Judge Judith M. Barzilay

)
UNITED STATES OF AMERICA, )
)
        Plaintiff, )
)
v. )    Court No. 03-00005
)
GOLDEN GATE PETROLEUM CO., )
)
        Defendant. )
)

## ATTACHMENTS TO DEFENDANT'S ADDITIONAL BRIEFING ON ISSUE OF PREJUDGMENT INTEREST

Attachment 1:    Customs letter to Golden Gate in 1996 that matter will be referred to the Department of Justice for Litigation

Attachment 2:    Department of Justice letter to Golden Gate in 1999 that matter has been referred to the Department of Justice for Litigation

Attachment 3:    Customs letters advising Golden Gate in 1991 that Customs has no authority to reconsider protest denial on any basis

Attachment 4:    Letter from surety in 1991 that Customs would collect on importation bond only after negotiations had failed



**DEPARTMENT OF THE TREASURY**   REC'D APR 12 1996

**U.S. CUSTOMS SERVICE**

INDIANAPOLIS, INDIANA

April 10, 1996

Refer to
ACC: VRS
96-0735

Attachment 1

Michael D. Sherman
Collier, Shannon, Rill & Scott
3050 K Street, N.W.
Suite 400
Washington, D.C. 20007

    Re: Golden Gate Petroleum Company; Bill No. 40334165002;
        Entry No. 86-1218549/2809; $3,081.348.85

Dear Mr. Sherman:

    Your letter regarding the above-referenced debt has been referred to this office for response. The debt is for an entry made by "Golden Gate Petroleum," importer number 94-1442955, under a bond issued by Fireman's Fund Insurance Company to "Golden Gate Petroleum Co.," with that same importer number. We see no ambiguity in the identity of the importer of record for the relevant entry. Customs' computer system contains no record of an importer by the name of "Golden Gate Petroleum International, Ltd." or of a bond issued to that entity.

    Your argument regarding the error in calculation of the amount due is also without merit. The Customs Service's determination of the amount of duties due on the entry became final and unreviewable upon Golden Gate's failure to seek judicial review of the denial of its protest of the liquidation. 19 U.S.C. § 1514. If Golden Gate fails to pay this bill and Customs must file suit at the Court of International Trade to collect, the court will have no authority to entertain any arguments regarding the proper amount of duties due on the entry.

    Payment should be sent within 30 days to the following address:

        Assistant Chief Counsel
        U.S. Customs Service
        Reference 96-0735/VRS
        P.O. Box 68914
        Indianapolis, IN 46268

If we do not receive payment, we will refer this matter to the Department of Justice for litigation. If you have any questions, you may contact Vickie Shaw at 317-298-1233, extension 1703.

           Sincerely,

           John R. DeRomoet
           Assistant Chief Counsel

cc: Leader, Accounts Receivable Group, ASD




**U.S. Department of Justice**

Civil Division

---

BNS:mh
Entry No. 86-1218549

DJ No. 54-2243

*International Trade Field Office*
*Commercial Litigation Branch*
*26 Federal Plaza, Room 346*
*New York, New York 10278-0140*

Phone 212 / 264-9230
FAX 212 / 264-1916

May 6, 1999

Golden Gate Petroleum Company
1001 Galaxy Way, Suite 308
Concord, CA 94520

    Re:   Collection of Additional Duties and Interest Owed by
           <u>Golden Gate Petroleum Company on Entry No. 86-1218549/2809</u>

Dear Sir:

    We are advised by the United States Customs Service that Golden Gate Petroleum Company owes additional duties on Entry No. 86-1218549/2809 in the principal amount of $1,359,172.50, plus accrued interest. As of this date, payment has not been received. The Customs Service has referred this matter to our office for further proceedings. Kindly remit payment to this office within 30 days from the date of this letter in the principal amount of $1,359.172.50, plus accrued interest to date ($2,658.930.33). If you do not pay the amount owed, we may initiate suit in the United States Court of International Trade for the amount of additional duties, plus interest.

    If you have any questions concerning this matter, you may contact Bruce Stratvert (212-264-9241), who is the trial attorney initially assigned to this matter.

                              Very truly yours,

                              DAVID W. OGDEN
                              Acting Assistant Attorney General
                              Civil Division

               By:
                              DAVID M. COHEN
                              Director
                              Commercial Litigation Branch

cc:   Scott K. Falk, Esq.
       Assistant Chief Counsel
       United States Customs Service
       Attn: Vickie Shaw, Esq.



**DEPARTMENT OF THE TREASURY**
U.S. CUSTOMS SERVICE
WASHINGTON, D.C.

FEB 2 5 1991

CLA-2 CO:R:C
088699 JGH

Michael D. Sherman, Esq.
Collier, Shannon & Scott
3050 K Street, N.W.
Washington, D.C. 20007

Dear Mr Sherman:

Your letter of February 8,1991, concerns the most recent meeting, which was held in Assistant Commissioner Banks' office, concerning the tariff classification of a 1985 importation of petroleum made by Golden Gate Petroleum International, Ltd.

You will recall that at that meeting it was pointed out that the merits of the issue had been considered, and that Customs had no authority to reconsider it on an equitable basis once a protest had been decided. San Francisco Newspaper Printing Co. v. United States, 620 F.Supp. 738; 9 C.I.T. 517 (1985).

Once again you are reminded that if Golden Gate tenders a specific sum of money in an offer in compromise, Customs will give this matter careful consideration.

Sincerely,

Harvey B. Fox, Director
Office of Regulations and Rulings



Customs

**DEPARTMENT OF THE TREASURY**

U.S. CUSTOMS SERVICE

WASHINGTON, DC

MAR 2 2 1991

ENF 4-02.2 CO:R:IT:P
657002 SLG

Michael D. Sherman, Esq.
Collier, Shannon & Scott
3050 K Street, N.W.
Washington, D.C. 20007

Dear Mr. Sherman:

    This is in response to your letters dated November 14, 1990 and February 21, 1991, whereby you purport to make an offer of compromise pursuant to title 19, United States Code, section 1617, on behalf of Golden Gate Petroleum International, Ltd. Your submissions pertain to two entries covering a petroleum product that had been described as Russian gasoline. The entries were filed by Golden Gate Petroleum Company, the parent company of your client, at the ports of San Francisco and Portland.

    A protest, filed with regard to the Customs liquidation of the San Francisco entry (Protest No. 2809-0-01457), was denied by Customs on May 31, 1990. No timely summons was filed in the Court of International Trade in response to Customs denial of the above protest. As we advised in our letter to you dated February 25, 1991, Customs has no authority to reconsider the protest on any basis (legal or equitable) once the decision has beem made and issued. <u>San Francisco Newspaper Printing Co. v. United States</u>, 620 F. Supp. 738 (C.I.T. 1985).

    Despite your characterization of your November 14, 1990, and February 21, 1991, submissions as an "offer of compromise" presented on behalf of your client, we find that no offer of compromise within the meaning of section 1617 or 19 CFR 161.5, has been made inasmuch as no specific sum of money has been tendered or proffered. We also note that the protest proceeding has been concluded and there is no penalty proceeding pending at Customs Headquarters. Consequently, at the present time, there exists no forum for Customs Service Headquarters consideration of any of the matters raised in your November 14, 1990 and February 21, 1991 submissions.

As you previously have been advised, if your client tenders a specific sum of money in connection with the claims raised in your letters, Customs Headquarters will be able to consider the issues in the context of a section 1617 proceeding, i.e., an offer of compromise. Until such time of our receipt of such a tender, however, or until such time that a penalty proceeding relating to this matter is elevated to this level, Customs Service Headquarters will not undertake to consider the merits of any claims concerning the 1985 importations of petroleum products that are the subject of your November 14, 1990 and February 21, 1991 submissions.

Sincerely,

Harvey B. Fox
Director, Office of Regulations
and Rulings


**Fireman's Fund**

Fireman's Fund
Insurance Company

Writer's Direct Line.

*Golden Gate file*
*Customs*

**Attachment 4**

(415) 541-4373

April 22, 1991

<u>VIA FACSIMILE TRANSMISSION & MAIL</u>
(202) 338-5534

Collier, Shannon & Scot
3050 "K" Street, N.W.
Washington, DC 20007

Attn: Michael D. Sherman

Re: U. S. Customs Bill No.:  40334165
    Our Claim No.:           B 456 S 85 911688
    Principal:               Golden Gate Petroleum (dba Diablo Petroleum)
    Bond No.:                SM 6424408
    Obligee:                 United States of America

Dear Mike:

This shall serve as follow-up to the undersigned's 8:23 A.M. telephone conversation with Jim Moster of U. S. Customs National Finance Center in Indianapolis this morning. The result of that conversation is that unless and until Mr. Moster calls the undersigned to advise that negotiations between U. S. Customs and the above-referenced principal have broken down, or failed, then Customs shall take no action at this time against this surety, or the above-referenced bond.

Mr. Moster further advised that negotiations at this time appear to entail whether or not the principal shall place the full offer-in-compromise monies with U. S. Customs, in addition to the deposit placed earlier.

The undersigned agreed with Mr. Moster that should U. S. Customs turn to this surety for resolution of the above-referenced matter, then a claim check would be issued by the surety to fulfill its obligations under the bond.

Michael D. Sherman
Golden Gate Petroleum, et al
B 456 S 85 911688
April 22, 1991
Page 2


The preceding statements were made without prejudice; and Fireman's Fund Insurance Company reserves any rights and defenses it may have as a result of having underwritten the above-referenced bond, or under any applicable statutes.

Very truly yours,

FIREMAN'S FUND INSURANCE COMPANY

Micah Schwartz
Surety Claims Representative

cc:  VIA FACSIMILE TRANSMISSION & MAIL
     (317) 298-1498

     James M. Moster
     Assistant Chief Counsel
     U. S. Customs Service
     P. O. Box 68914
     Indianapolis, IN  46268

MS/le.10

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing ATTACHMENTS TO DEFENDANT'S ADDITIONAL BRIEFING ON ISSUE OF PREJUDGMENT INTEREST were served by first class mail, postage prepaid, on this the 1st day of November 2006, to the following

    Marcella Powell
    Trial Attorney
    U.S DEPARTMENT OF JUSTICE
    International Trade Field Office
    26 Federal Plaza
    New York, New York 10278-0140
    (212) 264-9241

    Attorney for the United States of America

_____
Nancy M. Wright

RECEIVED & FILED

U.S. COURT OF
INTERNATIONAL TRADE
CLERK OF THE COURT

11-2-06