Slip Op. 07-5

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>GOLDEN GATE PETROLEUM CO.,<br>Defendant. | Before: Judith M. Barzilay, Judge<br>Court No. 03-00005 |

MEMORANDUM ORDER

[Plaintiff's prayer for prejudgment interest is granted.]

Dated: Jan. 17, 2007.

*Peter D. Keisler*, Assistant Attorney General; (*Barbara S. Williams*), Attorney in Charge, International Trade Field Office; (*Marcella Powell*), Commercial Litigation Branch, Civil Division, U.S. Department of Justice, for the plaintiff.

*Kellye Drye Collier Shannon* (*Michael D. Sherman*), for the defendant.

**Barzilay, Judge**: This opinion elaborates upon events last set out in *United States v. Golden Gate Petroleum Co.*, 30 CIT __, Slip Op. 06-22 (Feb. 21, 2006) (not reported in F. Supp.) ("*Golden Gate I*"). In that opinion, the court rejected the arguments of Defendant, Golden Gate Petroleum Company ("Golden Gate"), that it should not be liable for increased duties on an entry of leaded fuel entered at the port of San Francisco, California, on October 8, 1985, and

ordered Golden Gate to pay those duties in the amount of $1,359,172.50.[1] *Id.* at 13. In the same case, Plaintiff, the United States ("Government"), had also claimed prejudgment interest from Golden Gate pursuant to 19 U.S.C. § 1505(c) (1984).[2] *Id.* The court did not decide whether § 1505(c) interest was mandatory, but instructed the parties to "consult, negotiate, and agree on the amount of prejudgment interest" owed to the Government. *Id.* at 14. Because the parties proved unable to reach an agreement, the issue returned to this court for resolution.

Since interest has accrued on Golden Gate's unpaid duties for twenty years, and Plaintiff claims much of the delay was due to government inaction, the court requested additional briefing from the parties on whether § 1505(c) mandated prejudgment interest or whether the court had discretion in awarding such interest. Although the Government is responsible for some delay in bringing this suit, legal authority prohibits the court from exercising its equitable powers when a statute, such as § 1505(c), mandates that prejudgment interest be paid on delinquent duties.

## I. Discussion

In 1985, 19 U.S.C. § 1505(c) read as follows:

> Duties determined to be due upon liquidation or reliquidation shall be due 15 days after the date of that liquidation or reliquidation, and unless payment of the duties is received by the appropriate customs officer within 30 days after that date, shall be considered delinquent and bear interest from the 15th day after the date of liquidation or reliquidation at a rate determined by the Secretary of the Treasury.

19 U.S.C. § 1505(c). Section 1505(c) requires that interest be paid on overdue duties to

---

[1] Customs reclassified Golden Gate's entry under 432.10 (a mixture in whole or in part of hydrocarbons derived in whole or in part from petroleum), HTSUS, rather than 475.25 (motor fuel), HTSUS, which resulted in increased duties.

[2] Prejudgment interest started to accrue on June 14, 1986, fifteen days after liquidation occurred on May 30, 1986.

compensate the Government for the opportunity cost associated with the lost revenue. *See United States v. Imperial Food Imps.*, 834 F.2d 1013, 1016 (Fed. Cir. 1987) ("[I]f prejudgment interest were not awarded to the Government, nonpayment of estimated duties would amount to an interest-free loan of the money owing the Government from the due dates for payment until recovery."); *see also GM Corp. v. Devex Corp.*, 461 U.S. 648, 655-56 & n.10 (1983). Thus, § 1505(c) interest "is merely the natural, logical, and economic result of the underpayment that Customs is required to recover, and Congress was undoubtedly aware that nonpenal interest on underpayments is specifically provided for in section 1505." *United States v. Nat'l Semiconductor Corp.*, 30 CIT __, __, Slip Op. 06-138 at 6 (Sept. 8, 2006) (not reported in F. Supp.).

The general rule concerning the award of prejudgment interest provides that when "no statute specifically authorizes an award of prejudgment interest, such an award lies within the discretion of the court as part of its equitable powers." *Imperial Food Imps.*, 834 F.2d at 1016; *see Milwaukee v. Cement Div., Nat'l Gypsum Co.*, 515 U.S. 189, 194 (1995); *United States v. Goodman*, 6 CIT 132, 139-40, 572 F. Supp. 1284, 1289 (1983). However, cases involving the tax code often have held that when a statute authorizes prejudgment interest, the court cannot exercise its equitable powers. *See Purcell v. United States*, 1 F.3d 932, 943 (9th Cir. 1993) ("[T]he trial court was plainly divested of discretion with respect to the government's entitlement to interest by section 6601(e)(2)(a) of the Tax Code. . . . The district court thus was faced with a binding statutory directive to allow interest to the government . . . . The court was not required – indeed, was not permitted – to exercise its discretion regarding the award of interest."); *Johnson*

*v. United States*, 602 F.2d 734, 739 (6th Cir. 1979) ("[T]he district court's invocation of equity to alter and reduce the statutorily defined period for the accruing of prejudgment interest was beyond the court's equitable powers despite the even handed result sought by the court."). Although non-binding authority, these cases are persuasive and provide guidance on the limits of the court's equitable discretion when a statute provides for prejudgment interest.

Moreover, an alternative body of case law similarly prohibits equitable estoppel against the Government when acting in its sovereign capacity, which includes the collection of taxes and import duties. *See N.Z. Lamb Co. v. United States*, 149 F.3d 1366, 1368 (Fed. Cir. 1998); *see also United States v. Fed. Ins. Co.*, 805 F.2d 1012, 1016 (Fed Cir. 1986); *Air-Sea Brokers, Inc. v. United States*, 596 F.2d 1008, 1011 (CCPA 1979) ("[W]e hold that equitable estoppel . . . is not available against the Government in cases involving the collection or refund of duties on imports."). *But see Fed. Ins. Co.*, 805 F.2d at 1016 (suggesting that equitable estoppel possibly appropriate in extraordinary circumstances),1020 (Newman, J. dissenting); *cf. Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 421 (1990) ("[S]ome type of 'affirmative misconduct' might give rise to estoppel against the Government.").[3]

While there may exist an exception to the prohibition on using equitable estoppel against the Government when acting in its sovereign capacity, Plaintiff's actions do not approach the level of misconduct that would compel this court to contradict settled law. *See Fed. Ins. Co.*, 805 F.2d at 1016. The Government provided Golden Gate with ample notice of its accumulating debt and the consequences of nonpayment. *See* Ex. A, Letter from William K. Martin, Chief

---

[3] The court notes that recent cases illustrating this trend have not included any cases arising in the duty payment context.

Financial Officer, Golden Gate Petroleum Co., to John Eastman, U.S. Customs Service (Mar. 1, 1991); *see also* Ex. B, Letter from James M. Moster, Assistant Chief Counsel, U.S. Customs Service, to Golden Gate Petroleum Co. (Dec. 23, 1992); Attach. 2, Letter from David M. Cohen, Director, U.S. Dep't of Justice, to Golden Gate Petroleum Co. (May 6, 1999). Furthermore, the Government participated in settlement negotiations to resolve Golden Gate's debt, but Golden Gate did not follow the proper procedures during the negotiations, thus contributing to their failure. *See* Attach. 3, Letter from Harvey B. Fox, U.S. Customs Service, to Michael D. Sherman, Collier, Shannon & Scott (Mar. 22, 1991).

Consequently, because the language of § 1505(c) requires that a party pay interest on its unpaid duties, the decision to award such interest does not lie within the court's equitable discretion. Although the Government could have initiated this suit more expeditiously, the language of § 1505(c) creates a "binding statutory directive" that "divest[s] [the court of] discretion," and any deviation from that legislative command in favor of equity would be erroneous. *Purcell*, 1 F.3d at 943. Accordingly, the court orders Golden Gate to pay prejudgment interest on all unpaid duties calculated from June 14, 1986 to the date of this judgment. Plaintiff's motion is granted.

Dated: January 17, 2007
New York, NY

/s/ Judith M. Barzilay
Judith M. Barzilay, Judge

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of the court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.

Tina Potuto Kimble
Clerk of the Court

Date: January 17, 2007

By: /s/ Steve Taronji
Deputy Clerk